IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRYL WAYNE PRUETT,

    Plaintiff/Petitioner,

v.

JOHN A. DAMON,
THOMAS S. BILSKI,

    Defendants/Respondents.

OPINION AND ORDER

17-cv-936-wmc
17-cv-937-wmc

---

In these two proceedings *pro se* plaintiff/petitioner Darryl Wayne Pruett challenges his December 3, 2008, judgment of conviction in the Circuit Court for Trempeauleau County, Wisconsin, for sexual assault of a child under the age of 16, and for repeated sexual assault of a child. However, the court must dismiss both cases because in *Pruett v. Smith*, Case No. 15-cv-708-wmc, dkt. #29 (W.D. Wis. July 9, 2018), this court recently denied Pruett relief on all of the claims he describes in these two cases.

BACKGROUND

In Case No. 15-cv-708, Pruett filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising several grounds for relief: (1) the circuit court judge was biased; (2) a false rape allegation inappropriately increased his sentence; (3) he was charged with multiplicitous counts; and (4) the punishment constituted cruel and unusual punishment. The court dismissed the judicial bias and cruel and unusual punishment grounds on

1

procedural default grounds, but the court directed the state to respond to Pruett's other grounds for relief. *Pruett*, Case No. 15-cv-708-wmc, dkt. #10, at 3. After reviewing the merits of those claims, the court rejected Pruett's claims that his trial lawyer was constitutionally ineffective for failing to (1) object to one of the victim's allegedly false statements about a rape, (2) argue that his charges were multiplicitous or (3) pursue a plea of not guilty by reason of mental disease or defect. *Id.*, dkt. #29. Pruett has neither filed a motion for reconsideration of that decision, nor does it appear that he is appealing the judgment denying him relief.

OPINION

I.   **Case No. 17-cv-936**

In Case No. 17-cv-936, Pruett does not specify the relief he seeks, but he has filled out this court's civil lawsuit complaint form and claims that his constitutional rights were violated during the course of his Trempealeau County criminal proceeding because the trial judge was biased against him. It is unclear whether Pruett is attempting to obtain money damages in this case, but it is reasonable to infer that he may be pursuing a claim for damages under 42 U.S.C. § 1983. However, such a claim is barred by United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence is been

2

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. This same bar applies here unless the plaintiff's state court revocation proceeding has already been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (recovery in a federal challenge "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit"). Since no Wisconsin or federal court has concluded that his conviction was unlawful, Pruett cannot pursue a claim for money damages in this court.

Furthermore, to the extent Pruett filed this lawsuit seeking a release from custody, the only federal proceeding to obtain that form of relief is a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. Yet the Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). Accordingly, the court will dismiss Pruett's claim without prejudice. The court notes, however, that it would be futile for Pruett to restyle this action as a § 2254 petition in this court, since he has already filed such a petition in Case No. 17-cv-937, and, for the reasons explained next, that petition fails.

3

II.     Case No. 17-cv-937

Pruett seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the same grounds for relief that he outlines in the '936 case. However, under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Since Pruett has *not* obtained an order from the Court of Appeals for the Seventh Circuit to consider the application, this court must dismiss the '937 case.

One final note. Pruett recently filed motions seeking my recusal or another judge. (Case No. 17-cv-936, dkts. ##8,9; Case No 17-cv-937, dkt. #8.) I am denying those motions. While Pruett complains that I do not understand the nature of his claims, he has not identified any actual ground for recusal, nor does he suggest that I am actually biased against him. For that reason, and because there is no actual basis for recusal, these motions are denied.

ORDER

IT IS ORDERED that:

1. Case No. 17-cv-937 is DISMISSED WITHOUT PREJUDICE for petitioner's failure to obtain authorization as required by 28 U.S.C. § 2244(b)(3)(A).

2. Case No. 17-cv-936 is DISMISSED pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

4

3. Darryl Pruett's motions seeking recusal or a new judge (Case No. 17-cv-936, dkt. ##8, 9; Case No 17-cv-937, dkt. #8) are DENIED.

Entered this 10th day of September, 2018.

>BY THE COURT:
>
>/s/
>
>_____
>WILLIAM M. CONLEY
>District Judge